# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CLARICE M. MADDOX, | : Case No. 3:23-cv-48 |
| Plaintiff, | : |
| vs. | : District Judge Thomas M. Rose |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| MIKE FOLEY, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court on the Order to Show Cause that was issued by the undersigned on April 4, 2023. (Doc. #3). For the reasons set forth below, the undersigned **RECOMMENDS** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #1) be **DENIED** and that Plaintiff be **ORDERED** to pay the filing fee of $402.00.

On February 13, 2023, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. #1). Upon review of her Motion, the undersigned found that it was unclear as to whether paying a one-time filing fee of $402.00 would impose an undue hardship on Plaintiff, as required by the applicable standard for proceeding *in forma pauperis*. (Doc. #2, *PageID* #s 53-54) (citing *Adkins v. E.I. DuPont de Nemours & Co., Inc*, 335 U.S. 331 (1948)). Due to the uncertainty of Plaintiff's financial circumstances, the undersigned ordered Plaintiff to submit a supplemental affidavit in support of her Motion on or before March 9, 2023, explaining why the one-time payment of the Court's filing fee would render her unable to provide for herself and her dependents. *Id*. at 54. When Plaintiff failed to provide a supplemental affidavit in accordance

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

with its February 14, 2023 Order, the Court issued an Order to Show Cause, instructing Plaintiff to show cause on or before April 18, 2023 as to why the Court should not deny Plaintiff's Motion for Leave to Proceed *in forma pauperis* as a result of her failure to submit the supplemental affidavit. (Doc. #2, *PageID* #56). Plaintiff was also informed that she could comply with the Order to Show Cause by filing the supplemental affidavit outlined in the Court's February 14, 2023 Order or by paying the $402.00 filing fee on or before April 18, 2023. *Id*.

On April 10, 2023, Plaintiff filed an "AFFIDAVIT OF TRUTH IN SUPPORT OF INFORMA (sic) PAUPERIS" ("Affidavit"). (Doc. #4). In her Affidavit, Plaintiff sets forth a number of quotes from sources ranging from the United States Constitution to the Book of Revelation. (Doc. #4, *PageID* #59). Noticeably absent from her Affidavit is any discussion of her financial circumstances. Significantly, Plaintiff did not explain, as previously ordered by the Court, why the one-time payment of the Court's filing fee would render her unable to provide for herself and her dependents. To date, Plaintiff has not submitted the requested supplemental affidavit demonstrating any undue hardship caused by payment of the $402.00 filing fee.[2]

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. In *Adkins v. E.I. DuPont de Nemours & Co. Inc.,* the Supreme Court, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving herself

---

[2] The undersigned also notes that Plaintiff filed a document entitled "Declination of Magistrate Judge" on April 20, 2023. (Doc. #5). Like the Affidavit, this filing also fails to set forth any information related to Plaintiff's finances and is, therefore, irrelevant to the inquiry of her alleged indigent status. Instead, Plaintiff's filing merely sets forth her general objection to magistrate judge jurisdiction and requests that the case be assigned to a United States District Judge. (Doc. #5, *PageID* #63). To this point, Plaintiff is advised that the undersigned does not have plenary jurisdiction over this case and that the case has been, and remains, assigned to District Judge Thomas M. Rose. Any objections to recommendations made by the undersigned in this case may be asserted by following the procedures contained in the attached NOTICE.

of the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for herself and her dependents, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

Here, the information set forth in Plaintiff's *in forma pauperis* application and Affidavit does not demonstrate her inability to pay. In her application, Plaintiff indicated that she is currently employed, has an income of $2,800 per month, and has $1,000 in liquid assets. (Doc. #1, *PageID* #2-3). Plaintiff further indicated that she has two dependents for whom she is responsible for seventy-five percent of their support along with five creditors that she pays a total of $1,156.73 per month. *Id.* at 2. Based on the information given, it was the Court's understanding that Plaintiff's monthly income and assets exceed her debts to the point that she would not be rendered indigent. To the extent that this was an incorrect understanding, the Court afforded Plaintiff with two opportunities to clarify her financial situation and explain why paying the Court's filing fee would be an undue hardship. (Doc. #2; Doc. #3). While Plaintiff ultimately filed the Affidavit on April 10, 2023, she did not provide any elucidation on her finances (particularly with regard to the monetary value attributable to dependent support obligations) or otherwise address the Court's concerns regarding her alleged indigent status, leading the Court to conclude that paying the one-time filing fee of $402.00 would not be an undue hardship.

Based on the foregoing, the undersigned finds that Plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of this litigation and still provide for

herself and her dependents. It is therefore **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) be **DENIED** and that she be **ORDERED** to pay the $402.00 filing fee within **FOURTEEN (14) DAYS** if she intends to proceed with her suit.

May 10, 2023                                                              *s/Peter B. Silvain, Jr.*
                                                                          Peter B. Silvain, Jr.
                                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).