**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CLARICE M. MADDOX, | : | Case No. 3:23-cv-48 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| MIKE FOLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

On June 29, 2023, the undersigned issued an Order to Show Cause, in which Plaintiff was ordered to show cause why this case should not be dismissed for failure to prosecute as she had not complied with District Judge Thomas M. Rose's May 31, 2023 Decision and Entry requiring her to pay the $402.00 filing fee if she wished to proceed with her suit. (Doc. #8). Alternatively, Plaintiff was instructed that she could satisfy the show cause order by paying the $402.00 filing fee. *Id*. In either event, the Order to Show Cause mandated that Plaintiff submit her response or pay the filing fee by July 13, 2023. *Id*. Plaintiff was also advised that failure to comply with the Order to Show Cause could result in a Report and Recommendation to the District Judge that this case be dismissed for failure to prosecute. *Id*. (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co*., 370 U.S. 626, 630-31 (1962)). To date, Plaintiff has not responded to the Order to Show Cause or paid the $402.00 filing fee.

District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*,

---
[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

370 U.S. at 630-31; *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute.") (citations omitted). Plaintiff's failure to respond to the Order to Show Cause leaves the record void of any explanation for her failure to prosecute. Absent such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link.*, 370 U.S. at 630-31; *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT**:

1. The case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute; and

2. The case be terminated on the Court's docket.

July 21, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).